No. 26-926

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellant*,

v.

STATE OF CALIFORNIA, *et al.*,
    *Defendants-Appellees*.

**On Appeal from the United States District Court
for the Central District of California**
No. 25-cv-10999
The Honorable Christina A. Snyder

## OPPOSITION TO MOTION FOR ADMINISTRATIVE INJUNCTION

ROB BONTA
  *Attorney General of California*
SAMUEL T. HARBOURT
  *Solicitor General*
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
  *Senior Assistant*
    *Attorneys General*
JOSHUA A. KLEIN
  *Supervising Deputy*
    *Solicitor General*
ANNA FERRARI
LEE I. SHERMAN
  *Supervising Deputy*
    *Attorneys General*

MICA L. MOORE
  *Deputy Solicitor General*
KRISTI A. HUGHES
ZELDA VASSAR
ASHA ALBUQUERQUE
ALYSSA ZHANG
CAMERON A. BELL
  *Deputy Attorneys General*
ZACHARY W. SORENSON
  *Associate Deputy Solicitor General*

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013-1230
(213) 269-6138
mica.moore@doj.ca.gov

    *Attorneys for Defendants*

February 18, 2026

**OPPOSITION TO MOTION FOR ADMINISTRATIVE INJUNCTION**

On November 17, 2025, the federal government filed a lawsuit challenging the constitutionality of SB 805, which requires law enforcement officers operating in California to visibly display identification that includes their agency and either a name or badge number when performing enforcement duties; and SB 627, which prohibits covered law enforcement officers from wearing facial coverings in the performance of their duties. A1-4. On February 9, the district court granted the federal government's request for a preliminary injunction as to SB 627, but denied relief as to SB 805. *See* A29-30. At the federal government's request, the district court stayed the effect of its order until noon on February 19, 2026. A30.

Yesterday, after waiting more than a week after the district court's preliminary-injunction order, the federal government filed an ex parte application in the district court, requesting an injunction restraining the State from enforcing SB 805 pending appeal, or alternatively, "a temporary injunction" lasting "up to thirty days, or until the Ninth Circuit rules on [its] forthcoming motion for an injunction pending appeal, whichever is sooner." *United States v. California*, No. 25-cv-10999-CAS, Dkt. 67-1 at 5 (C.D. Cal. Feb. 17, 2026). The federal government has now moved in this Court for an injunction pending appeal, and also requests "if necessary, an administrative injunction pending this Court's full review of th[e] motion." Mot. 1.

The State opposes the federal government's request for an injunction pending appeal and will file a full response to the motion in short order, explaining why the federal government is unlikely to succeed on appeal and why no other equitable factors weigh in favor of emergency relief. The State also opposes the federal government's request for a temporary administrative injunction pending resolution of the request for an injunction pending appeal. The federal government cites no authority for that extraordinary request, which is quite different from a request for an administrative stay, *see, e.g.*, *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019), and would be tantamount to a temporary restraining order issued in the first instance at the appellate level. When such requests are made in district court, the Federal Rules of Civil Procedure limit their duration to 14 days "unless . . . the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). At the very most, then, if this Court looked to the standards under Rule 65 for guidance in evaluating the federal government's unusual request, the Court could grant a time-limited administrative injunction that would expire in 14 days. The far better course, however, would be to deny the federal government's request and address its motion for an injunction pending appeal in due course, after receiving the State's opposition.

## CONCLUSION

The request for an immediate administrative injunction should be denied. The State will file its opposition to the motion for an injunction pending appeal in short order.

Dated: February 18, 2026    Respectfully submitted,

/s/ Mica L. Moore

Rob Bonta
  *Attorney General of California*
Samuel T. Harbourt
  *Solicitor General*
Michael L. Newman
Thomas S. Patterson
  *Senior Assistant Attorney General*
Mica Moore
  *Deputy Solicitor General*
Anna Ferrari
Lee I. Sherman
  *Supervising Deputy Attorney General*
Kristi A. Hughes
Zelda Vassar
Asha Albuquerque
Alyssa Zhang
Cameron A. Bell
  *Deputy Attorneys General*
Zachary W. Sorenson
  *Associate Deputy Solicitor General*

*Attorneys for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) and Local Rules 27-1(d) and 32-3 because it contains 497 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font.

Dated: February 18, 2026        */s/ Mica L. Moore*
                                              Mica L. Moore