

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-3511

February 19, 2026

**Via CM/ECF**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

      RE:    *United States of America v. State of California, et al.*, No. 26-926

Dear Ms. Dwyer:

In the United States' motion for an injunction pending appeal enjoining enforcement of Section 10 of California's "No Vigilantes Act" against the federal government (filed yesterday), we informed the Court that we had sought an injunction pending appeal from the district court and would promptly notify this Court when the district court rules. Earlier this afternoon—just after this Court issued a temporary administrative injunction—the district court denied the United States' motion for an injunction pending appeal. A copy of that order is attached.

          Sincerely,

          */s/ Andrew M. Bernie*
          Andrew M. Bernie

cc:    All counsel (via CM/ECF)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL           'O'

| Case No. | 2:25-cv-10999-CAS-AJRx | | Date | February 19, 2026 |
|---|---|---|---|---|
| Title | The United States of America v. State of California et al | | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                               Not Present

**Proceedings:**      (IN CHAMBERS) – PLAINTIFF THE UNITED STATES OF AMERICA'S EX PARTE APPLICATION FOR ISSUANCE OF INJUNCTION PENDING APPEAL (Dkt. 67, filed on February 17, 2026)

On February 9, 2026, the Court granted in part and denied in part the motion of the United States for a preliminary injunction, dkt. 11. Dkt. 63 ("Order"). The United States has appealed the Court's Order to the United States Court of Appeals for the Ninth Circuit, insofar as it denies the United States' motion for a preliminary injunction. See dkt. 66.

On February 17, 2026, the United States filed the instant *ex parte* application for an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(d). Dkt. 67. On February 18, 2026, California filed an opposition. Dkt. 68.

The United States requests that the Court enjoin California from enforcing Section 10 of the No Vigilantes Act pending the Ninth Circuit's complete adjudication of the United States' appeal. Id. at 1. Alternatively, the United States requests that the Court grant a limited injunction of up to thirty days, or until the Ninth Circuit rules on the United States' forthcoming motion before the Ninth Circuit for an injunction pending appeal, whichever is sooner. Id.

The Court previously determined that the United States is not likely to succeed on the merits of its claim as to Section 10 of the No Vigilantes Act and that the United States will not suffer irreparable injury if an injunction does not enter against that provision. Order at 20, 26. Moreover, the Court found that the balance of hardships and public

| CV-90 (03/15) | CIVIL MINUTES - GENERAL | Page 1 of 2 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-10999-CAS-AJRx | | Date | February 19, 2026 |
|---|---|---|---|---|
| Title | The United States of America v. State of California et al | | | |

interest weigh in favor of allowing Section 10 of the No Vigilantes Act to be enforced. Id. at 29. Therefore, this case does not present the exceptional circumstances that might warrant granting an injunction pending appeal after the denial of a preliminary injunction. See Feldman v. Arizona Sec'y of State's Off., 843 F.3d 366, 367 (9th Cir. 2016) ("The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction.") (citations omitted); see also NetChoice v. Bonta, 761 F. Supp. 3d 1232, 1236 (N.D. Cal. 2025) ("[T]he fact that a court previously found that a preliminary injunction was not warranted should carry significant weight, so the circumstances must be of unusual magnitude to justify a district court granting an injunction pending appeal after denying a preliminary injunction. Only when the legal question raised is particularly important and 'serious questions going to the merits' have been raised should a district court consider such a course of action. Even then, the remaining injunction factors must tip sharply in favor of an injunction.") (internal citation omitted).

The Court stayed the effect of its Order for ten days to allow the parties time to coordinate how to proceed in light of the Court's Order. Id. at 30. The Ninth Circuit may determine whether and to what extent a further stay is warranted upon a motion filed by either party.[1] Accordingly, the Court **DENIES** the United States' *ex parte* application for an injunction pending appeal as well as its alternative request for a limited injunction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] California's opposition notes that the United States filed a motion with the Ninth Circuit on February 18, 2026, for an injunction pending appeal and temporary administrative injunction. See dkt. 68 at 2 n.1; Emergency Motion, United States v. California, No. 26-926 (9th Cir. Feb. 18, 2026).